J. Michael Robbins, Esq., ABA # 7606068
Attorney for Plaintiff Ahtna, Inc
406 W. Fireweed Ln., #103
Anchorage, AK 99503
P: (907) 868-8204
F: (907) 868-8265
mrobbins@ahtna.net

United States District Court

District of Alaska at Anchorage

| | |
|---|---|
| Ahtna, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Frederick Heinz, <br><br> Defendant. | Case No.: _____ <br><br> **Complaint for Trespass And Injunctive Relief** |

### JURISDICTION

1. This court has federal question jurisdiction, 28 USCA 1331, as this matter arises under ANCSA, 43 U.S.C.A. 1601, et seq., 1613 and 1621.

### PARTIES

2. Plaintiff, Ahtna, Inc. is a Native Regional corporation organized under the laws of the State of Alaska and ANCSA, 43 U.S.C.A. 1606.

3. Defendant, Frederick Heinz, is an individual residing in the State.

### FACTS

4. Plaintiff is the owner of the following described lands by virtue of Interim Conveyance No. 564:

Sections 9, 10 and 16, Township 6 North, Range 1 East, CRM

Complaint Exhibit 1.

5. A survey plat depicting land ownership patterns in these sections including the disputed parcels is attached as Complaint Exhibit 2. Said land is located in the vicinity of the Village of Gakona, Alaska, along the Tok Cut-Off highway.

6. Defendant has placed wrecked vehicles and equipment and other materials on Plaintiff's land (described in paragraph 5 above) without right, title or interest and without the permission and consent of Plaintiff. (See area bearing phrase "Junk Vehicles 6 AC." on Complaint Exhibit 2.) A photo of this continuing trespass is attached as Complaint Exhibit 3.

7. Defendant is owner of USS 5560 and filed an application with Plaintiff for lands under ANCSA, §14(c), which application was denied in 1994. Complaint Exhibit 4.

*Ahtna, Inc. v. F. Heinz*
Complaint for Trespass/Injunctive Relief - 1

8. Defendant failed to appeal the administrative decision rejecting his application and instead retains possession by force.

9. Demand has been made on Defendant to remove Defendant's property from the real property of Plaintiff, but Defendant has failed and refused to do so. Complaint Exhibits 4, 5 & 6.

10. During 2005, Defendant has also placed a fish wheel along the Copper River and gravel access road, all of which occur on Plaintiff's land, without the consent of Plaintiff and without having any right, title or interest to do so. Said gravel road and fish wheel are located in the vicinity of the Village of Gulkana, Alaska. (The road is depicted on Complaint Exhibit 2 as a "----" line described as "APROX CENTERLINE 14' ROAD" and extending to the bank of Copper River.)

11. Plaintiff has from time to time made demand on Defendant to remove said fish wheel and to cease and desist the use of Plaintiff's land, but Defendant has failed and refused to do so. Complaint Exhibit 6.

12. Defendant has constructed a gravel access road across Plaintiff's land and irreparably damaged said land as a result.

13. On information and belief, Defendant has threatened individuals and asserted that he will continue to trespass, and has consistently refused to comply with Plaintiff's requests to cease and desist these uses of Plaintiff's lands, and therefore continues to deprive Plaintiff of Plaintiff's right to exclusive possession of the property.

14. Plaintiff therefore believes, and submits on information and belief, that unless restrained by the Court, defendant will continue to trespass, causing irreparable damage to Plaintiff, that exist by virtue of the denial of Plaintiff's rights as the landowner, as well as environmental degradation of the lands subjected to use as a dump/storage for vehicles and equipment and other unusable items, as well as a trail/road on which Defendant has placed gravel and continues to use to the detriment of the land and the legal rights of Plaintiff.

15. Injunctive relief therefore is necessary and vital to returning the land to the peaceful possession and control of Plaintiff.

16. Injunctive relief will avoid the necessary of repetitive lawsuits to prevent trespass by this defendant.

### FIRST CAUSE OF ACTION – – Trespass & Injunctive Relief

17. Plaintiff is the record owner of the land and entitled to sole and exclusive possession and use of same.

18. Defendant, without having the right or permission of Plaintiff, has knowingly, willfully and consciously entered upon and used Plaintiff's land.

19. Defendant's continuing trespass onto the land should be enjoined.

20. Defendant should be ordered to pay Plaintiff damages for the unlawful use of Plaintiff's land and the costs of repair of said lands caused by defendant's unauthorized use for the placement of Defendant's vehicles and equipment and other property and a reasonable rent for use of said property.

21. Defendant should be ordered to cease and desist further trespass activities on Plaintiff's land.

### SECOND CAUSE OF ACTION – Trespass & Injunctive Relief

22. The use of the gravel road by Defendant should be enjoined.

23. Defendant should be ordered to compensate Plaintiff for the cost of repairing the land that Defendant has damaged by the placement of the gravel access road and a reasonable rent for use of said property.

### THIRD CAUSE OF ACTION - Ejectment

24. Defendant is wrongfully holding said lands and premises from Plaintiff.

25. Plaintiff is injured by being denied rightful rent income as well as the right to grant assess to the lands to Plaintiff's shareholders.

26. Plaintiff is lawfully entitled to full use and control of said lands and therefore to an order ejecting Defendant from said premises including the dump site, access road and fish wheel site.

### PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1. Judgment enjoining Defendant from entering onto Plaintiff's land;
2. Judgment restoring Plaintiff to the possession of the above-described real property;
3. Judgment for economic damages caused to the land equal to the cost of repair, removal, revegetating, and other injuries to the land and to Plaintiff's rights as landowner in the form of rent and punitive damages;
4. Judgment for all costs and fees incurred in having to bring this action;
5. Such other and further relief as may be just and equitable under the premises herein stated.

Dated this 29th day of June, 2006 at Anchorage, Alaska.

J. Michael Robbins, Esq., ABA # 7606068
Attorney for Plaintiff Ahtna, Inc
406 W. Fireweed Ln., #103
Anchorage, AK 99503
P: (907) 868-8204
F: (907) 868-8265
mrobbins@ahtna.net

*Ahtna, Inc. v. F. Heinz*
Complaint for Trespass/Injunctive Relief - 3