# Ahtna, Inc.

GLENNALLEN OFFICE
P.O. BOX 649
GLENNALLEN, AK 99588
PHONE: (907) 822-3476
FAX: (907) 822-3495

ANCHORAGE OFFICE
406 W. FIREWEED LANE, NO. 101
ANCHORAGE, AK 99503
PHONE: (907) 274-7662
FAX: (907) 274-6614

April 27, 1994

Mr. Fred Heinz
P.O. Box 125
Gakona, Alaska   99586

Re:   ANCSA Sec. 14(c)(1) Application

Dear Mr. Heinz:

On February 19, 1981, you filed a claim under the Alaska Native Claims Settlement Act (ANCSA), Section 14(c)(1), for certain lands owned by Ahtna, Inc., situated in Township 6 North, Range 1 West, Sec. 27, Copper River Meridian.  This land is located at approximately Mile 130 of the Richardson Highway, about two miles south of the Gakona Junction.

We have subjected your claim to an extensive review process. As a result of our review, we must deny your application.

This denial is based on the requirements of the law and on legal precedent established by recent findings in the court. Specifically, in a Ninth Circuit case titled <u>Donnelly v. United States</u>., 841 R. 2d 968, 975 (9th Cr. 1988), the court held that "ANCSA Sec. 14(c)(1) cannot operate as a sort of amnesty provision extending rights to individuals who are merely trespassers, failed homesteaders, or land users without any vested rights prior to December 18, 1971."  Then in <u>Buettner v. Kavilco Inc</u>., 360 F. 2d 341 (9th Cr, 1988), the court held that "ANCSA Sec. [14(c)(1)] does not apply to homesteaders because they are specifically covered by ANCSA Sec. [22(b)]."

Your ANCSA Sec. 14(c)(1) application falls in the category of "failed homesteaders" because you aquired no interest in the Trade and Manufacturing site claim #A067499 of Calvin L. Riley, Jr. and Emma Lee Riley.  According to BLM records, Mr. Riley submitted a Trade and Manufacturing site claim on March 21, 1966, but failed to live up to departmental regulations, 43 CFR 2562.3 (c).  The regulation provides that an application to purchase a Trade and Manufacturing site claim, along with the required proof or showing, must be filed within five years after the filing of the claim. Mr. Riley did not submit the required application or forms

prior to the expiration date of March 21, 1971. Therefore, his case file was closed and removed from the BLM records. A BLM letter dated September 15, 1971 did advise you, "that the burden of proof lies with the claimant and compliance with the Trade and Manufacturing site law cannot accrue to another person." Furthermore, it stated "that any settlement rights vested in Mr. Riley during the statutory life of his claim and were not assignable." Because Mr. Riley's case was closed prior to December 18, 1971, you were a trespasser on federal lands as of that date.

BLM records also show that you filed a Trade and Manufacturing site application #A067517 on March 25, 1966, within and near the same location. Like Mr. Riley's claim, the statutory life expired on March 29, 1971 and the case file was closed with no conveyance. In both instances, neither Mr. Riley nor you gained any rights to a conveyance from the United State Government.

Your application indicates an ANCSA Sec. 14(c)(1) claim based on a Quit Claim Deed dated April 2, 1968 from Mr. Riley to you. Whatever right Mr. Riley sold you was not a property right, because Mr. Riley had none to convey. Mr. Riley was a failed homesteader and in accordance with Donnelly v. United States, the ANCSA Sec. 14(c)(1) claim is inapplicable.

In July of 1983, Ahtna representatives field examined and staked the area claimed by you. The staking that occurred is erroneous, as the only lands that should have been staked are those lands actually used and occupied as a primary place of residence or business. Junk cars, a trail, and a garbage dump do not constitute use and occupancy in acordance with ANCSA Sec. 14(c)(1). Furthermore, if use and occupancy did occur, it is evident it was not on lands subject to ANCSA Sec. 14(c) or conveyed to Ahtna, Inc. Alternatively, if the lands claimed are within the Material Site #A068844 granted April 22, 1963, said M.S. would predate yours and Mr. Riley's T & M application. Nevertheless, the lands claimed in your ANCSA Sec. 14(c)(1) application is the rejected T & M claim of Mr. Riley, discussed above.

Previous letters sent you from Ahtna, Inc., indicating a possible willingness to convey lands through ANCSA Sec. 14(c)(1) are null and void. This letter supercedes those letters and is the final judgement of Ahtna, Inc. If you should desire to remove any personal belongings from Ahtna owned lands subject to your claim, you may do so within 60 days from receipt of this letter.

If you should desire to use all or part of the land applied for in your ANCSA Sec. 14(c)(1) application, please contact the Ahtna Land and Resource Department at the Glennallen Office listed above. It may be possible, with consent of

Gulkana Village, the Ahtna Land Committee, and the Ahtna Board of Directors, to negotiate a suitable arrangement (i.e. long-term lease or permit, etc.) that would allow you use of the land. If you do not desire any use of the land, no action is necessary.

Sincerely,

Joneal R. Hicks
Special Projects Manager

cc: Roy S. Ewan, President/CEO
    Chairman, Ahtna Board of Directors
    Chairman, Ahtna Land Committee
    Gulkana Village S/H Committee
    Bill Howe, Operations Manager
    Patrick Anderson, Legal
    14(c) files