J. Michael Robbins, Esq., ABA # 7606068
Attorney for Plaintiff Ahtna, Inc
406 W. Fireweed Ln., #103
Anchorage, AK 99503
P: (907) 868-8204
F: (907) 868-8265
mrobbins@ahtna.net

United States District Court

District of Alaska at Anchorage

| | |
|---|---|
| Ahtna, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Frederick Heinz, <br><br> Defendant. | Case No.: 3:06-CV-00161 (THB) |

**AFFIDAVIT OF KATHRYN MARTIN**

STATE OF ALASKA      )
                     )ss.
THIRD JUDICIAL DISTRICT )

BEFORE ME, NOTARY, personally came and appeared Kathryn Martin, who, after being duly sworn, did depose and say that:

1. I am the Vice President, Lands and Resources, for the Plaintiff, Ahtna, Inc. ("AI"), and make this statement on the basis of personal information and belief;

2. I have reviewed the records maintained by the Ahtna, Inc., Land office and have personally visited the sites in question;

3. I have personally interviewed the following individuals: Joeneal Hicks, Land Specialist, an AI employee; Travis Cronin, Land & Resource Specialist, an AI employee; Linda Tyone, AI Board Member and resident of Gakona; Chris Gene, David Gene, Darrin Gene, Virginia Gene, and Betty Tyone, Gakona residents.

4. The records I have personally reviewed include the exhibits attached with the original complaint in this matter, the 14(c) file containing the Heinz application.

   a. Complaint exhibit 1 is a true and correct copy of the Interim Conveyance No. 564 AI received from the federal government conveying the land in question to AI as part of its entitlement under ANCSA. The AI lands where the trespassing occurs are located in section 9, 10 and 16, T6N, R1E, CRM, as identified on Ex. 1, p. 1.

APR-12-2007 10:17     ahtna inc.                                    P.02

Case 3:06-cv-00161-TMB    Document 23    Filed 04/12/2007    Page 2 of 4

  b. Complaint exhibit 2 is a true and correct copy of the survey. The survey shows defendant Heinz' parcel USS 5560, Lot 2 which he owns a portion of and the adjacent area depicted as "junk vehicles" that is owned by AI. The "junk vehicles" parcel belongs to AI and represents a continuing trespass by defendant. The dashed line meandering from the "junk vehicles" parcel to the right bank of Copper River is the gravel road that defendant Heinz constructed without consent of AI and which also trespasses on AI lands (Interim Conveyance 564 and Patent 50-83-0011) up to and including the land used by defendant as a fish site.

  c. Complaint exhibit 3 shows the vehicles and other items placed on AI lands and which defendant has refused to remove.

  d. Complaint exhibit 4 is a letter of decision rejecting defendant's 14(c) application and directing him to cease his trespass. Defendant ignored the letter.

  e. Complaint exhibit 5 is a letter from the Alaska DOT&PF requesting Defendant to remove vehicles from property that was not his and to locate the property within the boundaries of his T & M.

  f. Complaint exhibit 6 is a letter from AI Legal Counsel demanding the defendant cease and desist his trespasses. AI received no response to this correspondence.

5. I verify the facts as set forth in the complaint as true and correct.

6. Defendant Heinz made an application to AI under provisions of ANCSA, §14(c). After investigation by Mr. Hicks, it was learned that defendant had placed junk vehicles and other trash on the land but was not using the land as a primary place of residence, or as a primary place of business, or as a subsistence campsite.

7. For this reason AI denied defendant's 14(c) claim but defendant has refused to remove the junk vehicles from the land and has attempted to maintain hostile possession.

8. Defendant subsequently has refused to remove the items of property despite request.

9. The cost of removing the equipment based on an estimate submitted to AI by Ahtna Construction, an AI subsidiary based in Glennallen, and by Joe Bovee, Land & Resource Specialist currently employed by AI, is $4143.21; cost of removing the gravel placed on the land would be $2000; costs of environmental clean-up is undeterminable but is likely to total at least $2,000. These estimates are attached as Plaintiff Exhibit 10.

10. Beginning in approximately 2003 or 2004, defendant Heinz moved a fish wheel onto AI lands without the consent or permission of AI officials. He has refused and continues to refuse to remove the wheel from the AI land along the Copper River.

11. Defendant placed several loads of gravel on the land and constructed a gravel road leading to the fish wheel, all without the permission or consent of AI and in continuing trespass.

APR-12-2007 10:17 ahtna inc. P.03

Case 3:06-cv-00161-TMB   Document 23   Filed 04/12/2007   Page 3 of 4

12. As a result of defendant's construction activities, the land has suffered long-term damages which should be restored to its original condition and defendant should be ordered to pay for the restoration.

13. Computation of amounts include the following:

| | |
|---|---|
| Removal of junk and vehicles | $4131.21 |
| Removal of gravel | 2000.00 |
| Environmental clean-up | 2000.00 |
| TOTAL | $8131.72 |

14. FURTHER YOUR AFFIANT SAYETH NAUGHT.

Kathryn Martin

Dated this _12_ day of _April_, 2007.

Notary for the State of Alaska
My Commission expires: _12/12/2009_

**From:** Joe Bovee [jbovee@ahtna-inc.com]
**Sent:** Tuesday, April 10, 2007 4:45 PM
**To:** Mike Robbins
**Cc:** Kathryn Martin
**Subject:** FW: Equipment Removal Estimate

Mike:

Estimate from Ahtna Construction for "dragging" the equipment back onto defendant property, some/most of the equipment is too large to be moved with a local 1-ton wrecker.

Cost to remove driveway would be half of amount shown below, or $2,000.00 as equipment mobilization was already included.

Soil contamination evaluation is $700 ($350 per day X 2).

Lab analysis is $1000 ($100 per incident X 10).

Potential soil mitigation will run between $30.00-$300.00 per yard, this depends if there are heavy metals associated which would need to be sterilized by heat process in certified processing plant in Fairbanks and be $300/CY.

Without heavy metals only engine oil/diesel fuel cost will be $75.00 per yard (takes two years minimum in raised beds, roto-tilling three times per summer).

I have been associated with 2 soil contaminated clean-ups and both were in excess of $100.00/yard and were only slow drips from parked equipment and fuel containers over 3-10 years. If Heinz has ever changed the oil/fluids w/o oil pan or fuel spill of more than 50-gallons, ground water could be contaminated and easily go 6-7 figures for clean-up cost.

Estimates for clean-up were from PENCO, Phillips Services, Robert Peters and consultation with ADEC Valdez office.

---

**From:** Scott McIlroy
**Sent:** Tuesday, April 10, 2007 4:04 PM
**To:** Joe Bovee
**Cc:** Mike Gallagher
**Subject:** Equipment Removal Estimate

Joe,

Here is the rough estimate you requested to remove equipment and debris from Ahtna Lands in the Gulkana Area. Please let me know if you need further information

Mobilization/Demobilization of an Excavator Cat 345 & one day Excavator Cat 345 operation (10 Hours): **$ 4143.31**

**SCOTT MCILROY**
**TECH. SERVICES MANAGER**
**AHTNA CONSTRUCTION**
**OFFICE: (907) 929-5612 X107**
**CELL: (907) 382-7726**
**FAX: (907) 929-5713**

Ahtna v. Heinz
Exhibit 10
Page 1 of 1