J. Michael Robbins, Esq., ABA # 7606068
Attorney for Plaintiff Ahtna, Inc
406 W. Fireweed Ln., #103
Anchorage, AK  99503
P:  (907) 868-8204
F:  (907) 868-8265
mrobbins@ahtna.net

United States District Court

District of Alaska at Anchorage

Ahtna, Inc.,                                )
                                            )
                 Plaintiff,                 )
                                            )
        vs.                                 )
                                            )     Case No.: 3:06-CV-00161 (THB)
Frederick Heinz,                            )
                                            )     **PLAINTIFF AHTNA'S MEMORANDUM IN**
                 Defendant.                 )     **SUPPORT OF PLAINTIFF'S MOTION FOR**
_____        )     **SUMMARY JUDGMENT**

Plaintiff Ahtna, Inc ("Ahtna") has moved for summary judgment on the following issues:

1.     Plaintiff is owner of the land in question;

2.     Plaintiff's action is not barred by the statute of limitation;

3.     The defendant's claim of adverse possession is without merit;

4.     The defendant is not a valid owner and occupier of the land pursuant to ANCSA.;

5.     The defendant's affirmative defense based on the doctrine of laches is without merit;

6.     The complaint states a cause of action.

I.     Summary Judgment is Appropriate.

A party claiming relief may move, with or without supporting affidavits, for summary judgment

on all or part of the claim. F.R.C.P. 56(a).  The judgment sought should be rendered if the pleadings, the

discovery and disclosure materials on file, and any affidavits show there is no genuine issue of material

fact and that the movant is entitled to judgment as a matter of law.  F.R.C.P. 56(c). The moving party has

the burden of showing that there is no genuine dispute as to material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Native Village of Akutan v. Jackson,* 442

F.Supp.2d 789, 793 (D.AK 2006). The moving party need not present evidence; it need only point out the

lack of any genuine dispute as to material fact. *Celotex Corp* at 323-325, 106 S.Ct. 2548; *Akutan,* 442

F.Supp.2d at 793. Once the moving party has met this burden, the nonmoving party must set forth

evidence of specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248-9, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence presented by the non-

*Ahtna, Inc. v. F. Heinz,* Case No. CV-00161 (THB)
Plaintiff's Memo. In Support of M/SJ

1  movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn

2  in favor of the non-movant. *Anderson,* at 255, 106 S.Ct. 2505; *Akutan,* 442 F.Supp.2d at 793. However,

3  the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient

4  evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing

5  versions of the truth at trial. *Anderson,* at 248-9, 106 S.Ct. 2505; *Akutan,* 442 F.Supp.2d at 793.

## II.    STATEMENT OF FACTS

7    Plaintiff, Ahtna, Inc. is a Native Regional corporation organized under the laws of the State of

8  Alaska and ANCSA, 43 U.S.C.A. 1606.  A certificate of good standing is attached as Exhibit 7.

9  Defendant, Frederick Heinz, is an individual residing in the State. ANSWER, ¶ 3.

10    Plaintiff Ahtna is the owner of the following described lands by virtue of Interim Conveyance No.

11  564:

12    Sections 9, 10 and 16, Township 6 North, Range 1 East, CRM

13  Complaint Exhibit 1 is a copy of the certified copy of Interim Conveyance No. 564 filed in the public land

14  records, Book 14, pages 738-744, Chitina Recording District.  K. Martin Aff. ¶ 3; ER 902(4) and 1005.

15    **A.    The Junk Yard.**  Heinz is record owner of a five-acre homesite described as Lot 2, USS

16  5560, situated approximately in sections 9 and 10,  Township 6 North, Range 1 East, CRM.  Exhibit 8.

17  Ahtna owns land adjacent to USS 5560, Lot 2, including acreage on which defendant Heinz has placed

18  junk cars, trucks, snow machines, fuel containers and at least one container believed to contain hazardous

19  substances.  Complaint Exhibit 3; Exhibit 9.[1]  Exhibit 2 locates the overall area and Exhibit 10 depicts the

20  area in trespass as "JUNK VEHICLES 6 AC." contained within the dashed line bordering USS 5560 on

21  Exhibit 10, p.2.

22    Heinz apparently contends that using Ahtna land as a garbage dump for abandoned vehicles and

23  snow machines, oil drums and fuel containers, and miscellaneous other unusable items constitutes a

24  "business". Ex. 9; *see* ANSWER, Affirmative Defenses 3 & 4.  While Ahtna does not dispute that junk

25  and hazardous materials are indeed abandoned on its land, this is not a business but rather a trespass and

---

[1] Ex. 9 is a report prepared by Carl Overpeck, Environmental Scientist, PENCO Environmental Services following a site inspection on or about September 17, 2007.  Photos at pp. 7-12 and 15, 17 and 18 show the abandoned vehicles.  Aff. C. Overpeck, ¶¶ 4-6.  Mr. Overpeck's Curriculum Vitae is attached at Exhibit 13.

creation of an attractive nuisance for everyone with a broken-down snow machine or rusted out vehicle. Heinz apparently solicits such deposits. Ex. 9, p. 1, 5.

Heinz previously submitted an application under ANCSA, §14(c) for a parcel of land in section 27, T. 6 N., R. 1 W., CRM, but has never filed a formal claim for this acreage under provisions of that section. *See*, Complaint Exhibit 4; ANSWER, Affirmative Defenses, 4. A check of the State of Alaska business licenses shows no business license for Fred Heinz to conduct any business related to junk yards or salvage operations. Exhibit 11. The only license on file for him was for a mining business in 1994-96 which activity did not occur on Ahtna property.

Ahtna has made demand that Heinz remove the junk and stop encouraging the accumulation of junk on its land. Complaint, ¶ 9; Answer, ¶ 9. Heinz has refused to stop his activities and remove the junk prompts this action.

**B.    The Gravel-filled Path & Fish-Wheel.** Heinz also began placing gravel fill along an unused path to which he has no right or title. Aff. K. Martin, ¶ 6. The gravel fill leads to a fish-wheel also located on Ahtna property. Heinz has no permit from Ahtna to use the site on which he has placed a fish-wheel; nor does he have permission from Ahtna to use or construct a path to the fish-wheel. Aff. K. Martin, ¶ 5. Heinz did not request Ahtna's consent to remove gravel from, to build a road across, or place a fish-wheel on Ahtna lands. Ahtna has never consented to Heinz' use of its lands for these purposes. Aff. K. Martin, ¶ 7. Also, the path is not a recognized easement as reference to Exhibits 1, 2, 8 and 10 will establish. A review of the patent (Exhibit 8) issued to Heinz contains no reference to an easement and none is described in IC 564 (Exhibit 1). Neither the federal government under §17(b) of ANCSA, nor the State of Alaska under R.S. 2477 have recognized this path as a public easement or right-of-way. *See* Ex. 1.

It is believed that Heinz began placing gravel on the path in May or June, 2005. Aff. K. Martin, ¶ 8; Complaint Exhibit 6. Ahtna further believes that Heinz began using the fish-wheel site in 2005. Aff. K. Martin, ¶ 8. Demand has been made that Heinz cease and desist from this trespass. Complaint Ex. 6; ANSWER, ¶ 9; Aff. K. Martin, ¶ 9.

**C.    The Land Has Not Been Developed By Ahtna.** Ahtna's title under federal law derives from ANCSA, 43 U. S. C §1601, *et seq.* Its title is represented by IC 564 (Ex. 1). Aff. K. Martin, ¶ 3. The area in contention is also subject to a Material Site claim of the State of Alaska bearing the State's designation MS 46-1-010-5. Exhibit 5; Aff. K. Martin, ¶ 10. On January 14, 2003, the Alaska Department of Transportation & Public Facilities notified Heinz of his trespass and directed him to

*Ahtna, Inc. v. F. Heinz,* Case No. CV-00161 (THB)
Plaintiff's Memo. In Support of M/SJ

remove his personal vehicles from the site and onto his own patented land. Ex. 5, p. 2. Ahtna has never surveyed the land or caused the land to be subject to development for economic purposes. Aff. K. Martin, ¶ 11.

None of the land in contention has been fenced. Aff. K. Martin, ¶ 12. Ahtna has placed a barricade or chain across the entry point to block the gravel road being built by Heinz. Aff. K. Martin, ¶ 12.

### III.     STATEMENT OF LAW

### A.     REQUESTS FOR ADMISSIONS

Attached is Exhibit 12, excerpted from discovery served on the Defendant by email and by mail, consisting of a number of requests for admission. Defendant Heinz has not responded to these requests. As provided by F.R.C.P. 36(a)(3), a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. No request for a longer time for responding has been sought by Heinz or ordered by the court pursuant to F.R.C.P. 29.

In *Donovan v. Porter,* 584 F.Supp. 202 (D.Md. 1984), the Plaintiff served requests for admissions on two defendants who failed to respond timely. In considering the admissions issue, the Maryland District Judge wrote:

> It is clear that unanswered requests for admissions may properly serve as a basis for summary judgment and with a failure to make a timely response, the truth of the matter contained in the request for admission is conclusively established and may serve as the basis for a court's consideration of a motion for summary judgment.

*Donovan,* 584 F.Supp at , 207-8. The Ahtna Request for Admissions addressed the land ownership issue and the various Affirmative Defenses raised by Defendant Heinz. These issues are addressed hereafter.

**1.     Plaintiff is owner of the land in question.** First, Plaintiff has submitted proof acceptable under ER 902(4) and 1005 that it received interim conveyance of the land in question from the United States. As a matter of law, interim conveyance is the equivalent of patent. 43 U.S.C.A. § 1621(j). Ahtna's interim conveyance, being the equivalent of a patent issued by the United States establishes Ahtna as having the superior and conclusive evidence of legal title. 43 U.S.C.A. §§ 2 and 15; *United States v. Stone,* 69 U.S. 525, 2 Wall. 525, 17 L.Ed. 765 (1865).

Second, Heinz' patent to his 5.0 acre parcel (Ex. 8) is clear on its face that no easement was reserved from the parcel to the Copper River crossing Ahtna land. This also is clear from the 17(b)

*Ahtna, Inc. v. F. Heinz,* Case No. CV-00161 (THB)
Plaintiff's Memo. In Support of M/SJ

easements identified by the federal government in Ahtna's IC 546.[2]  None of those easements pertains to the Heinz 5.0 acre lot and none describe an easement authorizing Heinz to use gravel from Ahtna lands and/or construct a path to an unauthorized fish-wheel site on Ahtna lands along the Copper River.

Third, Heinz has no writing (permit, lease, etc.) from Ahtna authorizing him to construct a gravel road or place a fish-wheel on Ahtna land along the Copper River.  In order to assert an interest in real property, Heinz should have a written instrument signed by an authorized corporate officer of Ahtna. This basic requirement, Alaska's Statute of Frauds, A.S. 09.25.010(b), is intended to provide reliable evidence of the existence and terms of an alleged estate or interest in real property.  Restatement Third, Property (Servitudes) §2.7(e), (f) and (g).  The Statute of Frauds thus raises another legal bar to Heinz' contention that Ahtna is not the owner or that Heinz has any interest.

Fourth, Request for Admission No. 6 (Ex. 12, p.2) requests defendant to admit that Plaintiff owns the lands in question.  This request, being unanswered within the time constraints of F.R.C.P. 36 is conclusively established.  Therefore, based on this admission and the other pleadings, affidavits and exhibits of record, Ahtna is entitled to summary judgment on this issue.

**2.    Plaintiff's action is not barred by any statute of limitation.**  First, Ahtna's Request for Admission No. 3 (Ex. 12, p.2) requests defendant to admit that Plaintiff's claim is not barred by any statute of limitations.  This request, being unanswered within the time constraints of F.R.C.P. 36 is conclusively established.  Therefore, based on this admission and the other pleadings, affidavits and exhibits of record, Ahtna is entitled to summary judgment on this issue.

Second, any entry onto public land under a public land law creates no rights in the entryman if the entry was initiated after August 31, 1971; an entry made prior to August 31, 1971 is protected only if the person made a lawful entry and has complied with the legal requirements.  43 U.S.C.A. §1621(b). Otherwise the person "shall gain no rights."  Heinz made no entry under any public land law as is clearly shown by reference to the status plat attached at Ex.10, p. 1.  Other than the junk vehicles and other debris, the parcel is unoccupied.

Third, lands and interests in lands conveyed by the federal government to a Native Corporation such as Ahtna are not subject to any claim of adverse possession.  43 U.S.C.A. §1636(d)(1)(A)(i).  More specifically, Ahtna lands are exempt from adverse possession and similar claims based upon estoppel.

---

[2] The Secretary of the Interior was directed to reserve only those easements which are described in section 17(b)(1) of ANCSA.  If an easement not reserved at the time of conveyance is required, then the Secretary is authorized to acquire such easement by purchase or otherwise.  43 U.S.C.A. §1632(a) and (b).

*Ahtna, Inc. v. F. Heinz,* Case No. CV-00161 (THB)
Plaintiff's Memo. In Support of M/SJ

Ahtna submits that its possessory rights including the right of ejectment are preserved under 43 U.S.C.A. 1636(d) (1)(A)(i).

Therefore, based on the admission and the other pleadings, affidavits and exhibits of record, Ahtna is entitled to summary judgment on this issue.

**3.    The defendant's claim of adverse possession is without merit.**  First, lands and interests in lands conveyed by the federal government to a Native Corporation under ANCSA such as Ahtna are not subject to any claim of adverse possession.  43 U.S.C.A. §1636(d)(1)(A)(i).  Ahtna is entitled to summary judgment on this issue as a matter of law.

Second, Ahtna's Request for Admission No. 4 (Ex. 12, p.2) requests defendant to admit that Plaintiff's claim is not barred by the doctrine of adverse possession.   This request, being unanswered within the time constraints of F.R.C.P. 36 is conclusively established.  Therefore, based on this admission, the law, and the other pleadings, affidavits and exhibits of record, Ahtna is entitled to summary judgment striking the adverse possession defense.

**4.    The defendant is not a valid owner and occupier of the land pursuant to ANCSA**. First, Ahtna refers to the arguments under 1, 2 and 3 above.  Heinz has no filing in the public record initiating a right under any public law land; he has no writing signed by Ahtna giving him a right to use Ahtna real property or granting an easement; the IC 564 contains no reservation of a public easement giving him a right to the road; and the State of Alaska has made demand on Heinz to remove the vehicles from the state's alleged material site.  Thus Heinz has nothing in writing from any of the entities – Ahtna, United States or State of Alaska – who might have given him permission to use these lands.

Second, Ahtna submitted Complaint Exhibit 4 which shows that the only 14(c)(1) claim filed by Heinz pertained to a parcel situated more than four miles away.  He has never filed under 14(c) for this area.  Aff. K. Martin, ¶ .The State's business licensing shows that Heinz has never used this site for salvage or any other business. Ex. 11.  Therefore, Heinz has never qualified for a conveyance under 14(c)(1) of ANCSA and has no rights under that section of the law.

Third, Ahtna's Request for Admission No. 2 (Ex. 12, p.2) requests defendant to admit that Heinz' 14(c) claim under ANCSA was denied and that no appeal was taken.  This request, being unanswered within the time constraints of F.R.C.P. 36 is conclusively established.  Therefore, based on this admission, the law, and the other pleadings, affidavits and exhibits of record, Ahtna is entitled to summary judgment striking the assertion of a 14(c) defense or other ownership or possessory claim of Heinz.

**5.     The defendant's affirmative defense based on the doctrine of laches is without merit.** Laches is an affirmative defense that requires Heinz to show inexcusable delay and undue prejudice. Wright & Miller, Federal Practice and Procedure:  Civil 3d §1270, n. 24.  Heinz has done neither.

Second, Ahtna's Request for Admission No. 5 (Ex. 12, p.2) requests defendant to admit that Plaintiff's claim is not barred by the doctrine of laches.   This request, being unanswered within the time constraints of F.R.C.P. 36 is conclusively established. Therefore, based on this admission, the law, and the other pleadings, affidavits and exhibits of record, Ahtna is entitled to summary judgment striking the adverse possession defense.

**6.     The complaint states a cause of action.**   Ahtna relies on its arguments raised above and the exhibits submitted.  Ahtna has established that it is the owner of the land in question, that items of junk and other unusable property have been placed on the land or caused to be placed on the land by Heinz, that Heinz does not have a legal right to use Ahtna lands as a junk yard, salvage yard, or waste disposal site or residence; that Heinz does not have an easement over Ahtna lands and does not have a permit or lease to place a fish wheel on Ahtna land.  Ahtna's complaint adequately states a claim for relief which should be granted in full.

**IV.     Summary and Relief Requested**

Ahtna is entitled to the following:

1.     Injunctive relief directing Heinz to remove all junk, to remove his fish wheel, and to restore the land to its original condition at his expense;

2.     Rent paid to Ahtna for the prior six years of use of the land;

3.     Damages in an amount to be determined by the court for removal and clean-up,

4.     Injunction directing Heinz to take no further action impairing the right of Ahtna or its shareholders, employees and permittees from fully and completely accessing the property;

5.     Injunction directing Heinz to obtain the permission and concurrence of Ahtna before entering the property for any reason including clean-up and restoration;

6.     Judgment requiring Heinz to indemnify and hold Ahtna harmless from any claims arising from hazardous wastes disposed of on Ahtna lands.

7.     Damages for the gravel removed from Ahtna lands.

8.     Injunctive relief directing Heinz not to block access to Ahtna lands either physically or by oral threats.

9.     Continuing jurisdiction in the court until the judgment regarding injunctive relief has been completed.

10.     Judgment in favor of Plaintiff Ahtna, Inc.

*Ahtna, Inc. v. F. Heinz,* Case No. CV-00161 (THB)
Plaintiff's Memo. In Support of M/SJ

11.    Costs and fees for having to bring this action.

Dated this _____ day of _____, 20__ at Anchorage, Alaska.

> J. Michael Robbins, Esq., ABA # 7606068
> Attorney for Plaintiff Ahtna, Inc
> 406 W. Fireweed Ln., #103
> Anchorage, AK  99503
> P:  (907) 868-8204
> F:  (907) 868-8265
> mrobbins@ahtna.net

*Ahtna, Inc. v. F. Heinz,* Case No. CV-00161 (THB)
Plaintiff's Memo. In Support of M/SJ

**5.    The defendant's affirmative defense based on the doctrine of laches is without merit.**
Laches is an affirmative defense that requires Heinz to show inexcusable delay and undue prejudice.
Wright & Miller, Federal Practice and Procedure:  Civil 3d §1270, n. 24.  Heinz has done neither.

Second, Ahtna's Request for Admission No. 5 (Ex. 12, p.2) requests defendant to admit that
Plaintiff's claim is not barred by the doctrine of laches.   This request, being unanswered within the time
constraints of F.R.C.P. 36 is conclusively established.  Therefore, based on this admission, the law, and
the other pleadings, affidavits and exhibits of record, Ahtna is entitled to summary judgment striking the
adverse possession defense.

**6.    The complaint states a cause of action.**  Ahtna relies on its arguments raised above and
the exhibits submitted.  Ahtna has established that it is the owner of the land in question, that items of
junk and other unusable property have been placed on the land or caused to be placed on the land by
Heinz, that Heinz does not have a legal right to use Ahtna lands as a junk yard, salvage yard, or waste
disposal site or residence; that Heinz does not have an easement over Ahtna lands and does not have a
permit or lease to place a fish wheel on Ahtna land.  Ahtna's complaint adequately states a claim for
relief which should be granted in full.

**IV.    Summary and Relief Requested**

Ahtna is entitled judgment declaring that it is the owner of the land and quieting title in its favor.
Ahtna is further entitled to judgment as follows:

1.    Injunctive relief directing Heinz to remove all junk, to remove his fish wheel, and to
restore the land to its original condition at his expense;

2.    Rent paid to Ahtna for the prior six years of use of the land;

3.    Damages in an amount to be determined by the court for removal and clean-up,

4.    Injunction directing Heinz to take no further action impairing the right of Ahtna or its
shareholders, employees and permittees from fully and completely accessing the property;

5.    Injunction directing Heinz to obtain the permission and concurrence of Ahtna before
entering the property for any reason including clean-up and restoration;

6.    Judgment requiring Heinz to indemnify and hold Ahtna harmless from any claims arising
from hazardous wastes disposed of on Ahtna lands.

7.    Damages for the gravel removed from Ahtna lands.

8.    Injunctive relief directing Heinz not to block access to Ahtna lands either physically or by
oral threats.

9.    Continuing jurisdiction in the court until the judgment regarding injunctive relief has
been completed.

*Ahtna, Inc. v. F. Heinz,* Case No. CV-00161 (THB)
Plaintiff's Memo. In Support of M/SJ
- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

10.     Costs and fees for having to bring this action.

Dated this 30 day of October, 2007 at Anchorage, Alaska.

J. Michael Robbins, Esq., ABA # 7606068
Attorney for Plaintiff Ahtna, Inc
406 W. Fireweed Ln., #103
Anchorage, AK  99503
P:  (907) 868-8204
F:  (907) 868-8265
mrobbins@ahtna.net

*Ahtna, Inc. v. F. Heinz,* Case No. CV-00161 (THB)
Plaintiff's Memo. In Support of M/SJ

- 8 -