**LAW OFFICE OF DAVID CLARK**
**101 EAST NINTH AVE., SUITE 12-B**
**ANCHORAGE, AK  99501**
**Phone      (907) 272-7989**
**Fax            (907) 274-9829**
**Email        dclark@lawddc.com**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AHTNA, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FREDERICK HEINZ. | ) |
| | ) |
| Defendant. | ) |
| | ) CASE NO. 06-CV-00161 TMB |

MOTION TO WITHDRAW ADMISSIONS

Defendant moves to withdraw his Admissions made to plaintiff.  The admissions defendant is seeking to withdraw are Admissions number 2, 4, 6, and 7. (See Exhibit A).  These admission were served on the defendant on September 13, 2007, answers were due on October 13, 2007.  Discovery in this case closed on October 31, 2007.  Plaintiff filed his summary judgment motion using the requests for admission on October 31, 2007 as one of the basis for its motion.  Defendant responded with discovery answers, including addressing the requests for admission on November 8, 2007, see exhibit A.  The plaintiff did not send any notice to counsel pursuant to FRCP 37(a) that he had attempted to confer in good faith regarding the admissions or any other discovery that was overdue.  The requests for admissions were

not answered within thirty days and pursuant to the operation of FRCP 36 were deemed admitted.

> FRCP 36(b) allows a party to move to withdraw a request for admission if:
>
> Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Two requirements are necessary in order to withdraw admissions. Those two requirements are: (1) the presentation of the merits of the action must be subserved and (2) the party who obtained the admission must not be prejudiced by the withdrawal. _Sonoda v.. Caberera,_ 255 F.3d 1035, 1039 (Ninth Cir. 2001) The burden of proof to show that its case is prejudiced by the withdrawal of the admission is on the party opposing the withdrawal. _Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)_. AHTNA must show that their case is prejudiced by the withdrawal of the admissions; it will not be able to do so.

The first prong of the test, the presentation of the merits of the action must be subserved is met here. Mr. Heinz has a complete defense to plaintiff's claims that he is on their property. Mr. Heinz adversely possesses the plaintiff's property. Although ANCSA generally bars a party from adversely possessing property which is not developed, the material borrow site is identified by survey, has been fully developed as

a material borrow site, and has been in use since before 1965 as a borrow site.  To prove that he has adversely possessed the property Mr. Heinz must prove by clear and convincing evidence that for ten years (A.S. 09.10.030) his use of the land was "continuous, open and notorious, exclusive and hostile to the true owner." Continuity, notoriety, and exclusivity of use, … are "not susceptible to fixed standards," but rather "depend on the character of the land in question."   <u>Vezey v. Green</u>, 35 P.3d 14, 20 (Alaska 2001).   At the end of the ten year period title automatically vests in the adverse possessor. <u>Hubbard v. Curtiss,</u> 684 P.2d 842, 849 (Alaska 1984)  Fred Heinz has used the borrow site continuously, openly and adverse to AHTNA's interest since they had an interest in the property, 1982. See plaintiff's exhibit 1 to its summary judgment motion.

Regarding Request for Admission No. 2, the plaintiff is trying to short circuit the Court by turning the adjudication of Mr. Heinz's interest through 14(c) into an administrative type hearing.  The statute of limitations for filing a claim for failure to transfer is one year after the survey is filed and no survey has been filed.  The sixth request for admission requires the defendant to admit that the plaintiff owns the property. Fred Heinz owns the property subject to the State of Alaska's interest in the property as a material site.  Further the property should be conveyed to Mr. Heinz pursuant to 14(c) as it was used by Mr. Heinz in his business.  Mr. Heinz has used the property for his various businesses since 1965.

Courts have uniformly held that the prejudice contemplated by 36(b) is not that the party who obtained the admission will now have to convince the factfinder of the truth; rather, "it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay. (finding only inconvenience but not prejudice despite the moving party's contention that if the admission had been timely it would have been able to engage in more extensive trial preparation)". *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). (internal citations omitted). No witnesses are unavailable to the plaintiff.

"Preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.)*, 212 F.3d 551, 556 (10th Cir. 2000). Here AHTNA cannot claim prejudice because its summary judgment motion in part was based on defendant's admissions. "[M]ore than a failure to meet deadlines is required to deny a party relief from an admission. [T]he court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous admission." *Raiser v. Utah County*, 409 F.3d 1243, 1247 (10th Cir. 2005) (internal citations omitted).

The plaintiff cannot claim that it was prejudiced. Discovery was over approximately two weeks after the admissions were due. The plaintiff could not have served more written discovery as the there was no time to do so. Any attempt to schedule depositions on such short notice (two weeks) would have resulted in a

request that the deadline for discovery be continued, a request which can still be accommodated today. The plaintiff received correct admissions on November 8, 2007, less than a month after they were originally due. The plaintiff has taken no other steps other than file its motion for summary judgment in reliance on the admissions.

Plaintiff's motion to withdraw the admissions should be granted.

Dated this 14th day of January, 2008

                LAW OFFICE OF DAVID D. CLARK
                Attorneys for Defendant

            By: s/ David Clark
                David Clark
                101 E. 9th Ave., Suite 12-B
                Anchorage, AK 99501
                Phone:  (907) 272-7989
                Fax:  (907) 274-9829
                E-Mail  dclark@lawddc.com
                AK Bar No. 8310110

I HEREBY CERTIFY that on January 14, 2008
a copy of the foregoing was served electronically on :

J. Michael Robbins, Esq.
Attorney for Plaintiff AHTNA, Inc.

    s/ David Clark