J. Michael Robbins, Esq., ABA # 7606068
Attorney for Plaintiff Ahtna, Inc
406 W. Fireweed Ln., #103
Anchorage, AK 99503
P: (907) 868-8204
F: (907) 868-8265
mrobbins@ahtna.net

United States District Court

District of Alaska at Anchorage

Ahtna, Inc.,           )
                       )
         Plaintiff,    )
                       )
    vs.                )
                       )
Frederick Heinz,       )   Case No.: 3:06-CV-00161 (TMB)
                       )
         Defendant.    )   **AHTNA, INC., OPPOSITION TO HEINZ MOTION TO WITHDRAW ADMISSIONS**
                       )

**Summary of Motion:** Defendant Heinz has moved to withdraw four admissions including Nos. 2, 4, 6, and 7. Admissions 2, 4 and 6 were relied on in Plaintiff's pending motion for summary judgment; Admission No. 7 pertained to the genuineness of an interim conveyance document under ANCSA. Admissions 4, 6 and 7 were relied on in Plaintiff's pending Motion for Summary Judgment (served 10/31/2007).[1] Ahtna contends that Heinz did not state a good cause for his delay and, importantly, Heinz fails to state a good case on the merits. Accordingly, Ahtna requests that Heinz' motion be denied.

## I. STATEMENT OF FACTS

Discovery closed on 10/31/2007 as well. Also pending at the time was Plaintiff's Motion to Compel (served 10/19/2007) which eventually led to Defendant's discovery responses on or about 11/8/2007. (*See* Defendant's Exhibit A.).

Initial disclosures were due in this case on June 21, 2007. To date not a single document, photograph or report has been provided by Defendant to Plaintiff that is relevant to this proceeding.[2]

## II. STATEMENT OF LAW.

---

[1] Unanswered requests for admissions may be relied on as the basis for granting summary judgment. *O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958).

[2] In Defendant Heinz's responses to Plaintiff's discovery (Heinz Exhibit A) Heinz refers to photographs but has never provided copies. He has referred to a title opinion, but has not identified the expert or submitted such opinion. Heinz has also offered federal T & M files for review, but none are relevant to this land or this case.

*Ahtna, Inc. v. F. Heinz*, Case No. CV-00161 (TMB)
AHTNA OPPOSITION TO HEINZ MOTION TO WITHDRAW ADMISSIONS
- 1 -

Pretrial procedure under FRCP 16(a) is designed to be expeditious (thus requiring Rule 26 disclosures), to establish early control so the matter will not be protracted (thus setting deadlines <u>agreed to by the parties</u>), to discourage wasteful pretrial activities (such as unsubstantiated "title opinions"), and to improve trial practice through thorough preparation (Heinz claims his responses to discovery requests were sufficient when he responded to the Plaintiff's Motion to Compel Discovery).

FRCP 36(a) authorizes a party to request the other party to admit the truth of any matters that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents. The party to whom the request is directed has 30 days to respond in writing or the matter is deemed admitted.

FRCP 36(b) allows a party to move to withdraw an admission. Ahtna agrees that a two-pronged test, if met, can support a withdrawal: (1) The merits of the action will be subserved, and (2) no prejudice can be shown by Ahtna. *Sonada v. Caberera*, 255 F.3d 1035, 1039 (9th Cir. 2001) and *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). However, the governing rule is permissive and the District Court is not required to grant a motion to withdraw admissions even if the two-pronged test is satisfied. *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

### III.  ARGUMENT.

In *Conlon* the appellate court reviewed the goals of the district court in evaluating a withdrawal motion:

> Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. Advisory committee note. The rule is not to be used in an effort to "harass the other side" or in the hope that a party's adversary will simply concede essential elements. Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice. See Fed.R.Civ.P. 36(b) advisory committee note. Thus, a district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions.

474 F.3d at 621-622 (*case citations omitted*). Therefore, as the Ninth Circuit directs, the District Court should consider whether Heinz had good cause for the delay and whether he appears to have a good case on the merits. FRCP 36(b); *Conlon*, 474 F.3d at 622.

**A.  Did Heinz State Good Cause for his delay?** First, Heinz has failed to show good cause for not responding to either the disclosure order or plaintiff's discovery requests. Plaintiff's efforts to obtain discovery were stated in Plaintiff's Motion to Compel (Doc. No. 37, 38). Plaintiff Ahtna made reasonable requests and did not file burdensome discovery requests. Heinz did not request any extensions. Although Heinz may be out-of-town or otherwise difficult to reach, this case has been pending for more than a year and Heinz failed to provide <u>any</u> discovery prior to its discovery closing date of 10/31/07.

Based on the record before this court, Plaintiff Ahtna submits that no good cause for delay has been shown by Defendant Heinz.

**B.    Does Heinz State a Good Case on the Merits?**

1.    **Request for Admission No. 4: Adverse Possession.**  Plaintiff's Request for Admission No. 4 requests Heinz to admit that his claim is not supported by the doctrine of adverse possession. Heinz claims he has a complete defense to plaintiff's claims based on adverse possession. However, adverse possession is unavailable as Ahtna's land is automatically included in the Alaska Land Bank provisions of 43 U.S.C.A. §1636. The applicable section provides in relevant part:

(d) Automatic protections for lands conveyed pursuant to ANCSA

(1)(A) Notwithstanding any other provision of law or doctrine of equity, **all land and interests in land in Alaska conveyed by the Federal Government** pursuant to the Alaska Native Claims Settlement Act [43 U.S.C.A. § 1601 et seq.] **to a** Native individual or **Native Corporation ... shall be exempt**, so long as such land and interests are not developed or leased or sold to third parties from--

(i) **adverse possession** and similar claims based upon estoppel;

...

(2) Definitions

(A) For purposes of this subsection, the term--

(i) "**Developed**" means a **purposeful modification of land**, or an interest in land, from its original state that effectuates a condition of gainful and productive present use without further substantial modification. Any such modification shall be performed **by the Native** individual or Native Corporation. **Surveying, construction of roads,** providing utilities, or other similar actions, which are normally considered to be component parts of the development process but do not create the condition described in the preceding sentence, **shall not constitute a developed state within the meaning of this clause**. In order to terminate the exemptions listed in paragraph (1), land, or an interest in land, must be developed for purposes other than exploration, and the exemptions will be terminated only with respect to the smallest practicable tract actually used in the developed state. **Any lands previously developed by third-party trespassers shall not be considered to have been developed.**

43 U.S.C.A. 1636(d)(1) & (2). In this case the land was statutorily withdrawn by §11 of ANCSA, 43 U.S.C.A. §1610 for selection and conveyance to the Native Village of Gakona.[3] The State of Alaska had and has a ROW for gravel to be used in the building and maintenance of the Richardson Highway which ROW was reserved in the Interim Conveyance to Plaintiff. Complaint Exhibit 1, pp. 5-6 and

---

[3] Ahtna, Inc is the successor in interest of Gakona by virtue of a merger in 1980 between Ahtna, Inc, the regional corporation, and seven village corporations including Gakona. See 43 U.S.C.A. §1627 and §§1610 and 1641(b).

Ahtna, Inc. v. F. Heinz, Case No. CV-00161 (TMB)
AHTNA OPPOSITION TO HEINZ MOTION TO WITHDRAW ADMISSIONS
- 3 -

Exhibit 5. Therefore, the automatic exemption applies at Gakona as it does to all ANCSA land conveyances until developed by the Native corporation. Surveys and development pre-existing ANCSA is excluded from the definition of development. 43 U.S.C.A. 1636(d)(2)(A)(i).

However, Heinz claims that the land is developed because of the State's material site ROW. In making this argument, Heinz ignores the fact that the development was not performed by Ahtna, but rather by the State under a federal highway grant. Heinz also ignores the fact that the survey was NOT performed by Plaintiff Native Corporation. Heinz then ignores the statutory requirement that a survey and road construction "shall not constitute a developed state within the meaning of this clause." To complete his defiance of the federal statute, defendant Heinz declines to recognize that trespassers such as him cannot rely on their own previous actions to create development.[4]

Finally, in Defendant Heinz' response to Interrogatory No. 1 (Defendant Ex. A, pg. 3) he states: "Mr. Heinz has dealt with the State on the gravel pit since the 1960s. The gravel pit was developed and used for State Purposes. ... Mr. Heinz has had communication from the State of Alaska."[5] Obviously, Defendant Heinz has knowledge that the State owns or controls or otherwise has an interest in the gravel pit. As such state law expressly bars his adverse possession claim. That state law section reads:

> No prescription or statue of limitations runs against the title or interest of the state to land under the jurisdiction of the state. No title or interest to land under the jurisdiction of the state may be acquired by adverse possession or prescription, or in any other manner except by conveyance from the state.

AS 38.95.010. Since the State has the material site ROW, then the land is under the jurisdiction of the state. State law, like the federal ANCSA statute, does not assist the adverse possession claims of Defendant Heinz.

Since the law – both federal and state - when applied to the facts as alleged by Heinz establishes that he has no valid adverse possession claim, Ahtna submits that Admission No. 4 should be deemed admitted because this will expedite resolution of the case and no good case has been stated on the merits. FRCP 36(a); *Conlon*, 474 F.3d at 622.

**2. Request for Admission No. 6: Ahtna owns the land.** The above discussion (*supra*, pp. 2-4) also applies to Admission No 6 concerning ownership of the land. Heinz response at Interrogatory

---

[4] In his response to Interrogatory No. 5 (adverse possession), Heinz says the property has and is developed as a gravel pit and equipment storage area. (Heinz Exhibit A, p. 4) Yet the gravel pit belongs to the State and Heinz has produced no documents showing that anything on the disputed portion of the property belongs to him. In addition, whatever he placed there is in trespass and is legally precluded as proof of adverse possession. 43 U.S.C.A. § 1636(d)(2)(A)(i).

[5] One such communication was filed in this case as Plaintiff Complaint Ex. 5.

*Ahtna, Inc. v. F. Heinz,* Case No. CV-00161 (TMB)
AHTNA OPPOSITION TO HEINZ MOTION TO WITHDRAW ADMISSIONS
- 4 -

No. 7 again is based on adverse possession allegations which should be rejected as a legally invalid response. First, the land where the trail is located is included in the Alaska Land Bank and therefore protected from adverse possession claims. 43 U.S.C.A. 1636(d). Second, Heinz cannot benefit from development or use occasioned by his own or others' trespass.[6]

    **3. Request for Admission No. 2: Administrative rejection of 14(c) claim.** Request for Admission No. 2 sought recognition that Heinz' claim under § 14(c)(1) had been rejected by the corporation and that he was aware of the rejection. An administrative procedure was followed by Ahtna to determine which lands would be conveyed under §14(c). This is not an issue raised in the pending motion for summary judgment. However, Heinz asserts that the statute of limitations for 14(c) claims is one year after filing of the survey.[7] The decision of the Village Corporation rejecting Heinz' claim was made years ago and therefore placed Heinz on notice that his actions were not done with the consent either of the Native Corporation or the Native Village of Gakona. The admission is not denied in the arguments contained at pg. 3 of Defendant's Memo. In Support. This admission should be deemed admitted.

    **4. Request for Admission No 7: Document Genuineness.** Admission No. 7 requests admission as to the genuineness of a title document. Defendant Heinz responded that he has insufficient information to deny or admit. Defendant Exhibit A, pg. 2. According to FRCP 36(b), a party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny. The Heinz response does not meet the standards for a valid denial under the Rule. Second, the document provided meets the evidentiary standards of ER 902(4) and 1005. Third, the public records can be easily researched within the Chitina recording district. Fourth, a title opinion generally will exclude adverse possession claims since these do not appear of record. Fifth, a patent/IC is the best evidence of title under American land law. *See* 43 U.S.C.A. § 1631(c)(1). Request for Admission No. 7 should be deemed admitted.

    **C.**     **Ahtna Can Show Prejudice.**

    **1.**     **Prejudice to Ahtna between June 29, 2006 and April 16, 2007.** Ahtna filed its complaint on or about June 29, 2006, and attempted in good faith to serve Defendant Heinz by certified mail (which he declined to pick up), by the Palmer State Troopers office (which was refused by

---

[6] In his response to Interrogatory No. 7, Heinz asserts he "developed and used a short portion of the trail from his house to the BLM right of way." This cannot form the basis for an adverse possession claim. 43 U.S.C.A. § 1636(d)(2)(A)(i).

[7] Presumably Heinz is referring to 43 U.S.C.A. §1632(b).

Defendant's son) and finally by publication (resulting in Heinz' Answer filed April 16, 2007). This delay was prejudicial to Plaintiff.

2. **Prejudice to Ahtna between June 21, 2006 and January 25, 2008.** Defendant Heinz is behind procedurally in all aspects of this case: Defendant failed to provide disclosures pursuant to the Court's scheduling order; Defendant failed to respond either timely or meaningfully to Ahtna's discovery requests; Defendant failed to respond to Ahtna's Requests for Admissions; Defendant has not yet responded to the Ahtna Motion for Summary Judgment (filed 10/31/07); and his basis for withdrawing admissions is unsupported by affidavit or document.

3. **Pre-litigation prejudice to Ahtna.** Before Ahtna was forced to file this eviction proceeding, Heinz had historically ignored demand, both written and oral, from both Ahtna representatives (Aff. K. Martin In Support of Ahtna M/SJ, ¶5-9, 13) and from the State of Alaska (Complaint Ex. 5, p. 2). Several specific examples of ongoing prejudice pre-date the lawsuit: Defendant Heinz has refused to pick up certified mail from Ahtna; he has placed junk items on Ahtna's adjacent land although there was plenty of space on his own; his trespass has encouraged others to leave junk on Ahtna land; he has ignored barriers placed across the trespassing trail on Ahtna lands; he has refused to comply with the Native Village Council's determination that he had no claim under §14(c) of ANCSA. Heinz' actions impede harmonious management by Ahtna of its lands and encourages others to disregard private property rights, all of which are prejudicial to Ahtna.

IV.    **SUMMARY**.

Ahtna submits that Heinz has provided no good cause for his delay in responding to discovery and disclosure deadlines. Further, Heinz does not have a good case on the merits under the law regarding trespass-based claims arising on ANCSA lands. *Conlon*, 474 F.3d at 621-622. Applying the goals of *Conlon* under FRCP 36(b), this court should not grant the motion to withdraw the admissions of defendant Heinz.

Dated this 28th day of January, 2008 at Anchorage, Alaska.

J. Michael Robbins, Esq., ABA # 7606068
Attorney for Plaintiff Ahtna, Inc
406 W. Fireweed Ln., #103
Anchorage, AK 99503
P: (907) 868-8204
F: (907) 868-8265
mrobbins@ahtna.net

I CERTIFY that on Jan.28, 2008, a copy
Of the foregoing was served electronically on:
David Clark, atty for Def. F. Heinz

s/J. Michael Robbins

*Ahtna, Inc. v. F. Heinz*, Case No. CV-00161 (TMB)
AHTNA OPPOSITION TO HEINZ MOTION TO WITHDRAW ADMISSIONS
- 6 -