**LAW OFFICE OF DAVID CLARK**
**101 EAST NINTH AVE., SUITE 12-B**
**ANCHORAGE, AK  99501**
**Phone       (907) 272-7989**
**Fax          (907) 274-9829**
**Email       dclark@lawddc.com**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AHTNA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FREDERICK HEINZ. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | CASE NO. 06-CV-00161 TMB |

**OPPOSITION TO PLAINTIFF'S SUMMARY JUDGMENT MOTION**

Defendant Frederick Heinz files this opposition to plaintiff's summary judgment motion.  The plaintiff moved for summary judgment in an attempt to divest Mr. Heinz of property that is his and should be his.  The distinction is that adverse possession vests in Mr. Heinz the property absolutely when the prescriptive period is up, see below, and the fishwheel site used by Mr. Heinz since 1967 is Mr. and Mrs. Heinz's subsistence camp.  14(c) requires that AHTNA convey Mr. Heinz's fishwheel subsistence campsite to him.  He has used the fishwheel and the BLM trail since 1967. The Fishwheel Access Trail is also known as EIN 11aC5, L, see plaintiff's exhibit 1, page 4 of 9. See also Exhibit A to Fred Heinz's affidavit the "preliminary survey" prepared by AHTNA which shows the BLM Easement running on the West side of 5 Mile Pit.  See also exhibit B, BLM map and see plaintiff's Exhibit 10.

**Adverse Possession:** Exhibit B to Mr. Heinz's affidavit shows that the extent of the 5 Mile Pit used by Mr. Heinz since 1967. To show that an issue of fact exists, that Mr. Heinz has adversely possessed the property, Mr. Heinz has shown, see Heinz's affidavit, by clear and convincing evidence that for ten years (A.S. 09.10.030) his use of the land was "continuous, open and notorious, exclusive and hostile to the true owner." Continuity, notoriety, and exclusivity of use, … are "not susceptible to fixed standards," but rather "depend on the character of the land in question." <u>Vezey v. Green</u>, 35 P.3d 14, 20 (Alaska 2001). At the end of the ten year period, title automatically vests in the adverse possessor. <u>Hubbard v. Curtiss</u>, 684 P.2d 842, 849 (Alaska 1984)  Fred Heinz has used the borrow site continuously, openly and adverse to AHTNA's interest since its interest in the property was created in 1982. The plaintiff admits as much.

Mr. Heinz's difficulty to establish title by adverse possession is found in ANSCA's requirement, 43 USC §1636(d) that prohibits a person to adversely possess property conveyed under the Act unless it is "developed". Developed under ANCSA has a particular meaning. There is no question that the property has been developed, as it has been in use continuously since before 1965 as a material borrow site. Even under the definition of "developed", AHTNA has developed the 5 Mile Pit. AHTNA as successor-in-interest to the Federal Government has the power to terminate the material site easements if the State abandons or discontinues the use for which the sites were granted. <u>Tetlin Native Corp. v. State</u>, 759 P.2d 528, 537 (Alaska 1988) (citing 25

C.F.R. § 169.20 (1987)).  During AHTNA's tenure, since 1982, the 5 Mile Pit was further developed and used by contractors and the State, see Herrman and Heinz affidavits.  Because AHTNA is now the grantor of the easement (since the federal government is no longer involved), AHTNA "performed the modification" requirement imposed by 43 USC §1636(d)(2)(A).  The property was developed because it was modified, gravel stripped off, that effectuated condition of gainful and productive use. *Id.*  AHTNA even states that the material site claim is under the "administrative jurisdiction of AHTNA."  See affidavit of Kathryn Martin attached to plaintiff's motion.  Since AHTNA is now the grantor of the material site easement, and administers the site, any development is done on, by or with AHTNA's express blessing.  The property has been further developed since 1982, for the purposes set out in 43 USC §1636(d)(2)(A), by AHTNA and the restrictions on adverse possession contained in 43 USC 1636(d)(i) do not apply.  By AHTNA's own admission, Mr. Heinz's use of this developed property has met all requirements one must meet to adversely acquire property.

Alternatively, Fred Heinz argues that the State of Alaska, not AHTNA controls Mr. Heinz's activities on the property.  Attached as Exhibit A is the grant of easement to the State of Alaska from BLM.  Fred Heinz had and has permission from the State to use the new trail built by the State for him in exchange for welding services, see Heinz affidavit.  Tom Young, a State employee, told Fred Heinz that he could use the 5 Mile Pit to store his equipment, although he had to move it if requested.  See

Herrman affidavit. The real party in interest, to determine whether Fred Heinz has permission to use the 5 Mile Pit, is the State of Alaska. The transfer of the property to AHTNA is subject to the BLM's grant of the material site to the State of Alaska. AHTNA has no greater rights than the BLM had. "Under the express provisions of 23 U.S.C. § 317, "If at any time the need for any such … materials … shall no longer exist, … such … materials shall immediately revert to the control of the Secretary". Under the applicable regulation the title conveyed by the patent remains subject to the material site "until it is specifically canceled" by the Secretary" *Southern Idaho Conference Asso. of Seventh Day Adventists v. United States*, 418 F.2d 411, 415 (9th Cir. 1969). Until AHTNA cancels the material site, Mr. Heinz's use of the property is controlled by the State. The State constructed the trail/road for him to connect with the BLM Fishwheel trail. It allowed Mr. Heinz to access the Fishwheel trail by crossing the 5 Mile Pit. The letter, exhibit 5 to plaintiff's summary judgment motion, recognizes that the access to Mr. Heinz's home the HUD housing down the road and the school bus turnaround have never been platted but have been in use for a long long time. The State of Alaska consents to such use of its material borrow site. The State of Alaska is the proper party to move Mr. Heinz off, not AHTNA. AHTNA as successor-in-interest to the Federal Government has the power to terminate the material site easements if the State abandons or discontinues the use for which the sites were granted. *Tetlin Native Corp. v. State*, 759 P.2d 528, 537 (Alaska 1988) (citing 25 C.F.R. § 169.20 (1987)). Thus, AHTNA's remedies lie against the State of Alaska,

not Fred Heinz. The State granted Mr. Heinz a quid pro quo right to use the property; AHTNA is powerless to terminate that right.

**The Fishwheel Trail:** The Fishwheel Trail is a BLM reserved easement in the grant of property to AHTNA. EIN 11a C5, L easement (hereinafter Fishwheel Easement or Fishwheel Trail) is denominated as: an easement 60 feet wide, which allows small and large all-terrain vehicles, track vehicle and four wheel drive vehicles. See plaintiff's exhibit 1, page 3. Mr. Heinz's repair work to the culverts that the plaintiff complains of was not done on and to AHTNA property but on the BLM easement. See Heinz affidavit. BLM can complain about Mr. Heinz's repair work, but AHTNA cannot. Mr. Heinz has used this same BLM trail for close over 40 years to access his fishwheel site. Attached as Exhibit B is a BLM trail map which shows the Fishwheel easement trail. Mr. Heinz and anyone else can use this trail without fear of suit by AHTNA. The only property that Mr. Heinz uses that AHTNA has some claim is the trail that the State built for him that ran from his house to the BLM Fishwheel Trail, all located on the Fishwheel site. However, that trail is entirely on the 5 Mile Pit site, the trail was built in the late 1960s and AHTNA took the property subject to the pre-existing rights of the State. AHTNA may not like it that the BLM trail is in existence but AHTNA cannot enjoin Fred Heinz's use of the trail. AHTNA cannot establish a paramount right to the trail by removing BLM trail signs. Summary judgment is inappropriate on this issue.

**Fish Wheel**: Mr. Heinz used the Fish Wheel campsite as his subsistence camp continuously since 1967 or so.  43 USC §1613 (c)(1) requires AHTNA to convey to Mr. Heinz the property he used as a subsistence campsite.  Unlike a primary residence or a primary place of business, which requires some right (leasehold or otherwise) before the property can be transferred, e.g. trespassers cannot acquire a better title under 14C see <u>Donnelly v. United States</u>, 850 F.2d 1313, 1320 (9th Cir. 1988).  No Court has passed on the question of a campsite for subsistence use.  There is no question that Mr. Heinz uses the fishwheel site for subsistence use.  He has been fully licensed by the State of Alaska to operate the Fishwheel.  The policy considerations[1] in *Donnelly Supra at page 1320* do not apply to a subsistence campsite.  A subsistence campsite by its very nature is transitory (not used during every season) and supports the individual in the community.  ANCSA was not drafted with the intent for large native corporations to deprive its shareholders and others of a means to obtain food simply because there was no methodology to obtain title to a subsistence camp before ANCSA was passed.  Alaska Native families, much like Fred Heinz and his family, have traveled to favorite places where game was abundant to obtain food to live.  Congress in passing ANCSA did not intend to give the large native corporations the power to deprive a family from using a site it had used for a long time, just because it

---

[1] "§ 14(c)(1) could not operate as "a sort of amnesty provision extending rights to individuals who are merely trespassers, failed homesteaders, or land users without any vested rights prior to December I, 1971," because there was no indication of congressional intent to override the established principle that individuals could obtain no rights to withdrawn lands.*(citations omitted)*   Moreover, the congressional intent to provide a "just and fair settlement" of native land claims is inconsistent with an interpretation of§ 14(c)(1) that would reduce the land patented to native corporations in favor of trespassers."

trespassed against the federal government prior to the transfer of land to the native corporation. That family has a right to obtain a conveyance of its subsistence campsite. Congress recognized the need to "preserve the use of the land in accordance with traditional local life-styles and subsistence economy." *Leisnoi, Inc. v. Stratman*, 154 F.3d 1062, 1071 (9th Cir. 1998). If the native corporation could absolutely determine who could use its lands to subsist, those out of power in the corporation could feel the whip, even if they had used the property for 40 years or more like Fred Heinz. Congress was wiser than that, it knew that the family used the subsistence campsites, families depended on the food they obtained and families, whether they had a "legal" right to use particular property would need that property to subsist. A profit driven native corporation does not need to take away land used by its shareholders and others who use the campsite to subsist.

Alternatively, Mr. Heinz's fishwheel (subsistence campsite) was in the BLM easement, see affidavit of Herrman. It is up to BLM to enforce the use of the easement, see exhibit 1 page 3. To the extent that AHTNA has any right to enforce its property interest within the easement area, then Heinz can usurp that right and require AHTNA to convey to him his subsistence campsite he has used for over 40 years pursuant to 42 USC 1613(c)(1).

In order to establish the boundaries of the subsistence campsite this court should stay this action regarding the fishwheel campsite until a proper survey can be obtained by Mr. Heinz.

Dated this 30th day of January, 2008

LAW OFFICE OF DAVID D. CLARK
Attorneys for Defendant


By:  s/ David Clark
    David Clark
    101 E. 9th Ave., Suite 12-B
    Anchorage, AK 99501
    Phone:    (907) 272-7989
    Fax:      (907) 274-9829
    E-Mail    dclark@lawddc.com
    AK Bar No. 8310110

I HEREBY CERTIFY that on January 30, 2008
a copy of the foregoing was served electronically on :

J. Michael Robbins, Esq.
Attorney for Plaintiff AHTNA, Inc.

    s/ David Clark