**LAW OFFICE OF DAVID CLARK**
**101 EAST NINTH AVE., SUITE 12-B**
**ANCHORAGE, AK 99501**
**Phone (907) 272-7989**
**Fax (907) 274-9829**
**Email dclark@lawddc.com**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AHTNA, INC.

Plaintiff,

vs.

FREDERICK HEINZ.

Defendant.

CASE NO. 06-CV-00161 TMB

REPLY TO PLAINTIFF'S OPPOSITION IT RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW ADMISSIONS

Defendant moved to withdraw Admissions numbered 2, 4, 6, and 7. Plaintiff misunderstands the import of defendant's arguments ant the arguments it make reflect that misunderstanding. Plaintiff complains about many alleged discovery violations, all issues that have long been resolved[1] and makes the claim that it has been prejudiced.

AHTNA has not sustained any prejudice. AHTNA may be unhappy about the pace of the lawsuit, but it should not have filed such an ill advised suit in the first instance. AHTNA admitted on today's date, after filing suit on June 29, 2006 that the 5-Mile-Pit was conveyed to AHTNA by patent in 1982 and the property has been

[1] If the plaintiff felt that the defendant is being less than forthright in his answers to discovery the plaintiff can do something about it. Empty complaining about some perceived injustice is not prejudice.

surveyed. (see exhibit A). This is a significant admission, the affidavit of K. Martin in support of the plaintiff's opposition to the Motion to Withdraw the admissions and in support of its summary judgment motion states that: "Ahtna has never surveyed the land or caused the land to be subject to development for economic purposes." Yet the property has been surveyed and significantly developed since 1982.

Ahtna's has three categories of alleged prejudice, none of which are relevant to defendant's motion to withdraw its admissions. The first alleged prejudice occurred before Mr. Heinz was even served with the complaint and although prejudice is claimed none is shown. The admissions were served on the defendant on September 13, 2007, answers were due on October 13, 2007. It is impossible for Ahtna to be prejudiced in relation to the admissions before October 13, 2007.

The second type of prejudice Ahtna is claiming is from June 21, 2006 to present. Again no prejudice can occur to Ahtna before October 13, 2007, the day the admissions were originally due. Ahtna complains in this second claim of prejudice that Mr. Heinz has not responded to its summary judgment motion and has not produced any affidavits, yet fails to point out that Mr. Heinz asked for and received extensions of time as a result of his recent illness. This issue has been cured in any event, Mr. Heinz has filed his summary judgment opposition with affidavits.

Ahtna's third claim of prejudice is pre-litigation prejudice. Pre-litigation prejudice has nothing to do with the request for admissions served on Mr. Heinz. The plaintiff generally grouses about deadlines yet does not show any real prejudice.

"[M]ore than a failure to meet deadlines is required to deny a party relief from an admission. [T]he court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous admission." *Raiser v. Utah County*, 409 F.3d 1243, 1247 (10th Cir. 2005) (internal citations omitted).

Regarding request for admission number 4. Mr. Heinz owns the property, he acquired it by adverse possession subject to the State's Right of Way. See argument in Heinz's Opposition to its summary judgment motion. Request for Admission No. 6 is the same. Although Ahtna argues that it owns the land, at best it owns the land subject to a BLM easement and various rights of way. Mr. Heinz's qualified response to exhibit 7 was borne out today as the plaintiff admits that it received a patent for the 5-Mile Pit subject to various easements and that the 5-Mile Pit has been surveyed.

Withdrawing the admissions allows the case to be presented on the merits and Ahtna has not shown any prejudice by the withdrawal.[2] Ahtna bore the burden of proof to show that its case is prejudiced by the withdrawal of the admission and it has completely failed to do so.[3]

The plaintiff argues its case on the merits in its Opposition to the defendant's motion. The defendant has presented his arguments in his opposition to plaintiff's

---

[2] *Sonoda v.. Caberera*, 255 F.3d 1035, 1039 (Ninth Cir. 2001)

[3] *Hadley v. United States, 45* F.3d *1345, 1348* (9th Cir. 1995).

summary judgment motion and the plaintiff should focus its efforts there. Defendant's motion to withdraw the admissions should be granted.

Dated this 4th day of February, 2008

LAW OFFICE OF DAVID D. CLARK
Attorneys for Defendant

By:__s/ David Clark__________

David Clark
101 E. 9th Ave., Suite 12-B
Anchorage, AK 99501
Phone: (907) 272-7989
Fax: (907) 274-9829
E-Mail dclark@lawddc.com
AK Bar No. 8310110

I HEREBY CERTIFY that on February 4, 2008
a copy of the foregoing was served electronically on :

J. Michael Robbins, Esq.
Attorney for Plaintiff AHTNA, Inc.

______s/ David Clark