**LAW OFFICE OF DAVID CLARK**
**101 EAST NINTH AVE., SUITE 12-B**
**ANCHORAGE, AK  99501**
**Phone       (907) 272-7989**
**Fax          (907) 274-9829**
**Email       dclark@lawddc.com**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AHTNA, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FREDERICK HEINZ. | ) |
| | ) |
| Defendant. | ) |
| _____ | ) CASE NO. 06-CV-00161 TMB |

**AFFIDAVIT OF FREDERICK HEINZ**

STATE OF KANSAS              )
                             ) ss.
COUNTY OF _____        )

      I, FREDERICK (Fred) HEINZ, being duly sworn, depose and state that I am the defendant herein and currently live in Gakona, Alaska although I am presently residing in Kansas where I am undergoing medical treatment and I make this affidavit of my own free will.

      1.    I am 68 years old; I will be 69 years old in April.  I am not under the influence of any mind altering drug and I fully understand and appreciate the statements in this affidavit.

      2.    I moved to Gakona in 1965 and have lived there ever since.  I have used the material borrow site shown on the plaintiff's Record of Survey, plat,

DOT/PF MS A-06221 (5 Mile Pit) since 1967, I have used the 5 Mile Pit to store my business vehicles, mining equipment and scrap metal on, I have used the 5 Mile Pit to access the BLM Fishwheel Trail (more on that later). I have done this continuously since 1967. I have used a fishwheel on the Copper River since 1967 and to the best of my recollection have obtained all required permits from the State of Alaska to use and maintain the fishwheel. The fishwheel is a legal operation.

       3.    Local lore has it that the 5 Mile Pit, identified in Exhibit A to my affidavit was started in WWII to help build the Alaska Highway. In any event the borrow pit was in use and fully developed when I first starting using it in 1967. When I first started using it, the 5 Mile Pit was an environmental mess. A tar pit covered ¼ of an acre or more and had slop asphalt, tar and oil lying on the ground. I cleaned up the mess as best I could. There was old equipment, old cables, old dump trucks, bunches (I cannot be more specific than that) of old barrels with used oil and petroleum products in them. There were old boxes with grease in them. I disposed of all of the old oil, petroleum products and such. There were old cat tracks and such on the property that I removed. The property is far cleaner now than when I first laid my eyes on it.

       4.    I have used the BLM easement to get to my fish wheel on the Copper River since 1965. At first an individual named Arnie Sundt and I maintained the BLM Easement. I tried to get some the AHTNA natives to help, but they never would, although they all enjoyed the work Arnie Sundt and I did. I had a D-8 in 1969

or so and filled in pot-holes and put in culverts on the BLM Trail. I never had any of my heavy equipment in the River or disturbed any salmon runs because the river is glacier fed and would ruin the bearings on the equipment. As I understand what AHTNA is complaining about is repair work I did to a culvert. I contacted the Corp of Engineers regarding the culvert. They told me that if the culvert was below the high water line and I did not go in the river that I would not have a problem in installing the culvert. I am not sure if the culvert is on the BLM Fishwheel trail, it could be since the Fishwheel trail is 60 feet wide, but it is part of my subsistence campsite I have maintained for forty plus years. The culvert AHTNA is complaining about is below the high water line on the Copper River.

     5.     The BLM Trail ran from the west end of the 5 Mile Pit south, then east along and within the back side of the 5 Mile Pit where it intersected with the trail the State of Alaska built and then turned left the 5 Mile Pit property. The State of Alaska in 1968 or so built a trail from my property which ran west along the south side of the 5 Mile Pit and connected with the BLM Easement. See exhibit A attached which shows the State built trail running from my property. The trail from my property that the State built intersects the BLM trail while the BLM trail is still on the 5 Mile Pit property. The State built trail is built up with rock. The trail built by the State from my property to the BLM Trail is 20 to 30 feet wide. As I recall I did some welding for the State and they in turn built the trail for me. Once my trail intercepts with the BLM trail on the 5 Mile Pit Property, I use the BLM trail. I have used that

trail to access the BLM Trail since the State built it. The location of the BLM trail as drawn on the AHTNA's map is incorrect. The BLM trail runs right behind the 5 Mile Pit. This BLM trail has been in continuous use by me since at least 1967. The BLM trail originally ran quite a ways down along the Copper River past my fishwheel site. When the BLM trail leaves the 5-Mile Pit the BLM Trail runs through the woods ¾ of a mile or so before it runs along the Copper River. The Copper River washed out the BLM trail further down from where I set up my fishwheel. My fishwheel campsite was always located along side or in BLM right-of-way, and except for the short trail from my house through the 5-Mile Pit I have exclusively used the BLM trail to get to my fishwheel site. I used the fishwheel site for subsistence for my family since at least 1967. The fishwheel is located in the river when used; it is not located on the land.

      6.    There are BLM markers on the fishwheel trail designating the trail as a BLM trail. In recent years, since AHTNA Native Corporation has started asserting that the trail is theirs, the markers have been removed from time to time.

      7.    I have stored equipment and trucks on the 5 Mile Pit property since about 1967 to present. Although I have put 55 gallon barrels on the property they were always empty. I don't know where any plastic barrels come from, or if there are barrels with substance in them, I did not put those barrels on the property. Some of the scrap the plaintiff is complaining about on the 5 Mile Pit I believe was left by AHTNA shareholders. If there are barrels full of toxic waste, it did not come from me. My family and I have been placer mining since 1966. We mine at the headwaters of

Affidavit of Heinz
Ahtna v. Heinz
CASE NO. 06-CV-00161 TMB
Page 4 of 7

the Gakona River by the Gakona Glacier. I have always stored mining equipment on the 5 Mile Pit and have since 1967. I had a lumber business in 1967 or so and used the 5 Mile Pit property for that lumber business. I still do a little trucking and the trucks parked on the 5 Mile Pit are still engaged in business. I have not purchased a business license because I don't do much in the way of business, and an attorney named Mark Grover advised me that I did not have to obtain one. Exhibit B, to this affidavit, identifies where I have stored my vehicles, mining equipment and scrap metal. I have marked the area West, North and South of my property. The 14c application, attached to the plaintiff's motion is for a gas station area I owned with a partner and it is not located at the 5 Mile Pit. I bought him out way back in the late 60s or early 70s. He never had an interest in my lumber, trucking, bus contracts or mining businesses which I operated primarily out of the 5 Mile Pit property. Every time I talk with someone about the 5 Mile Pit property I talk with the State of Alaska.

  8. Regarding the stain on my property, it has nothing to do with this litigation. I have three wells on my property. I was in the water well drilling business, but I quit four years ago because it was too hard on my body. All of the well drilling equipment was stored on the 5 Mile Pit property. My wells are drilled to a depth of around 43 feet and none of them are polluted. The stain on my property is simply a surface stain and I will clean it up.

  9. I have looked at the map Record of Survey, Material Site 46-1-010-5 apparently prepared by AHTNA. The BLM Trail runs right behind my property

on the south boundary of the 5 Mile Pit and did not run along the bank of the Copper River until you traveled down the trail about ¾ of mile or so. The map prepared by AHTNA is way out of whack with reality. I am still using the original BLM trail to get to my fishwheel site. The BLM trail does not go out into the middle of the Copper River as shown in the map.

10.   The 5 Mile Pit property is developed. The State uses part of the property now for a school bus turn around. I built that turn around because my wife and I owned the school bus company, Snowshoe Transportation. We started the school bus business in 1972 as I recall and ran it through 1980. We used the 5 Mile Pit to store bus equipment on.

11.   From 1982 to present the State has used the pit, it stockpiled rock and gravel for use on the highway, built berms, maintained the school bus turnaround and stored equipment on the site. From time to time there have been private contractors hired by the State who used the pit after 1982.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Fred Heinz

SUBSCRIBED AND SWORN before me this __5__ day of February, 2008.

_____
Notary Public in and for Kansas
My Commission Expires: 8-28-09

Affidavit of Heinz
Ahtna v. Heinz
CASE NO. 06-CV-00161 TMB
Page 6 of 7



I HEREBY CERTIFY that on January _____, 2008 a copy of the foregoing was served electronically on :

J. Michael Robbins, Esq
Attorney for Plaintiff Ahtna, Inc.

<u>s/ David Clark</u>

Affidavit of Heinz
Ahtna v. Heinz
CASE NO. 06-CV-00161 TMB
Page 7 of 7



